FILED

2011 JUN 15  PH 3: 21

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

1  JEAN C. WILCOX, ESQ. (SBN 097963)
   Email: jeanw@hhlawgroup.com
2  CLAUDIA MOURAD, ESQ. (SBN 211139)
   Email: claudiam@hhlawgroup.com
3  LORI C. HERSHORIN, ESDQ. (SBN 155977)
   Email: lorih@hhlawgroup.com
4  HERSHORIN & HENRY, LLP
5  27422 Portola Parkway, Suite 360
   Foothill Ranch, California 92610
6  Phone: (949) 859-5600/Fax: (949) 859-5680
7
   Attorneys for Plaintiff, FEDERAL DEPOSIT
8  INSURANCE CORPORATION, as Receiver
   for Downey Savings & Loan Association, F.A.
9

10        **UNITED STATES DISTRICT COURT**

11        **CENTRAL DISTRICT OF CALIFORNIA**

12                                         **SACV11-900 JVS(RNBx)**

13  FEDERAL DEPOSIT INSURANCE            CASE NO.:
14  CORPORATION, as Receiver for Downey  *Exempt from Filing Fees 18 U.S.C. § 3006A*
    Savings and Loan Association, F.A.,
15
                                         **COMPLAINT FOR**
16        Plaintiff,                     **DAMAGES FOR:**
17  vs.
                                         (1)  BREACH OF CONTRACT
18                                       (2)  PROFESSIONAL
19  RELIANCE MORTGAGE, INC., a                NEGLIGENCE
    suspended California corporation;    (3)  NEGLIGENT
20  CAROLINA GIARGIA, an individual;          MISREPRESENTATION
    ANA MARIA DUENAS, an individual;     (4)  FRAUD
21  OLGA LARON, an individual;           (5)  BREACH OF CONTRACT
22  ANITA MATTHIS, an individual;        (6)  FRAUD
    MADELEINE ASHDJIAN, an individual;
23  SARKIS A. ASHDJIAN, an individual;
24
25        Defendants.
                                         **DEMAND FOR JURY TRIAL**
26
27

28

COPY

1

2

# **Table of Contents**

3 I. JURISDICTION & VENUE ........................................................................................ 1

4 II. THE PARTIES ........................................................................................................... 1

5     *A.*     *The FDIC as Receiver for Downey Savings* ................................................ 1

6     *B.*     *The Brokers and Loan Officer* ...................................................................... 1

7

8     *C.*     *Giargia as Reliance's Alter Ego* .................................................................. 3

9     *D.*     *Laron as Loan Officer* .................................................................................. 5

10 III. GENERAL ALLEGATIONS ................................................................................... 6

11     *A.*     *Matthis Loan* .................................................................................................. 6

12     *B.*     *Ashdjian Loan* ............................................................................................... 9

13 IV. COUNT ONE; BREACH OF CONTRACT
14 (Against Reliance and Giargia)..................................................................................... 11

15 V. COUNT TWO; PROFESSIONAL NEGLIGENCE
16 (Against Reliance, Giargia, and Laron)......................................................................... 13

17 VI. COUNT THREE; NEGLIGENT MISREPRESENTATION
18 (Against Reliance, Giargia, and Laron)......................................................................... 14

19 VII. COUNT FOUR; FRAUD
20 (Against Reliance, Giargia, Duenas and Laron)............................................................. 18

21 VIII. COUNT FIVE; BREACH OF CONTRACTS
22 (Against Borrowers Matthis and Ashdjian).................................................................... 21

23 IX. COUNT SIX; FRAUD
24 (Against Borrowers Matthis, Ashdjian and S. Ashdjian) .............................................. 22

25 X. PRAYER...................................................................................................................... 24

26

27

28

-i-

1    COMES NOW, the Plaintiff, FEDERAL DEPOSIT INSURANCE

2   CORPORATION, as Receiver for Downey Savings & Loan Association, F.A.

3   ("FDIC" or "Plaintiff") and alleges as follows:

4                    **I. JURISDICTION & VENUE**

5        1.     This district court has jurisdiction over this action pursuant to 12 USC §

6   1819(b)(2)(A) and 28 USC § 1345 because the district courts have original

7   jurisdiction over civil actions in which the FDIC is a party, which actions are deemed

8   to arise under the laws of the United States.

9        2.     This district court is the proper venue for this action pursuant to 28 USC

10  § 1391(b)(2) because this is a civil action not founded solely on diversity of

11  citizenship and this judicial district is where a substantial part of the events or

12  omissions occurred that give rise to the claims hereafter alleged.

13                       **II. THE PARTIES**

14             *A.   The FDIC as Receiver for Downey Savings*

15       3.     The FDIC is a federal entity that is organized under the laws of the

16  United States of America and has the power to sue and be sued in any court of law or

17  equity, State or Federal, pursuant to 12 USC § 1819(a). On November 21, 2008 the

18  FDIC was appointed receiver for Downey Savings and Loan Association, F.A.

19  ("Downey") and thereupon succeeded to each of the claims hereafter alleged.

20       4.     The Financial Institutions Reform, Recovery, and Enforcement Act of

21  1989 ("FIRREA"), 12 USC § 1821(d)(14), sets forth the applicable statute of

22  limitations for the claims for relief brought by the FDIC as Receiver in this action.

23       5.     At all times herein alleged, Downey maintained its principal business

24  offices in Orange County, California.

25                    *B.   The Brokers and Loan Officer*

26       6.     Plaintiff is informed and believes and thereon alleges that at all relevant

27  times alleged herein Defendant RELIANCE MORTGAGE, INC. ("Reliance") is a

28  suspended California corporation that was, at the times hereafter alleged, licensed by

-1-

COMPLAINT FOR DAMAGES

1  the California Department of Real Estate ("DRE") as a Mortgage Broker.  At all
2  relevant times alleged herein Reliance held itself out to lenders and members of the
3  general public as having expertise in mortgage brokering.  Plaintiff is informed and
4  believes and thereon alleges that at all relevant times alleged herein, Reliance's
5  principal business office was located in the City of Torrance, in the County of Los
6  Angeles, State of California.

7      7.     Plaintiff is informed and believes and thereon alleges that at all relevant
8  times alleged herein, Defendant CAROLINA GIARGIA, an individual ("Giargia")
9  was licensed by the California DRE as real estate broker  and by her broker's license
10 Reliance was qualified to do and was doing business in the State of California.  At all
11 times alleged herein Giargia held Broker License No. 01080829 and Reliance held
12 Broker License No. 01350341.  At all relevant times alleged herein Giargia was an
13 officer, agent and principal shareholder of Reliance.

14     8.     Plaintiff is informed and believes and thereon alleges that at all relevant
15 times alleged herein, Defendant ANA MARIA DUENAS, an individual ("Duenas"),
16 was an officer of Reliance and the individual who ran its operations under the
17 supervision and control of Giargia as Reliance's qualifying broker.

18     9.     Plaintiff is informed and believes and thereon alleges that Defendant
19 OLGA LARON ("Laron") was qualified and licensed by the California DRE as a
20 Salesperson and, at all times herein alleged, said Salesperson was working under the
21 Broker licenses of Reliance and/or Giargia in performing the acts and omissions
22 hereafter described.  Specifically, Laron held Salesperson License No. 01256151.

23     10.    On or about November 11, 2003 Reliance entered into a written "Loan
24 Brokerage Agreement" ("Brokerage Agreement") with Downey under the terms of
25 which Reliance was permitted to represent and submit to Downey residential
26 mortgage loan applications and supporting documentation, for Downey's review,
27 approval and funding.

28     11.    Under the terms of the Brokerage Agreements Reliance represented and

1  warranted to Downey that all of the financial statements in the loan applications that it
2  submitted to Downey were "true, correct, currently valid and genuine, and that
3  [Reliance] has undertaken a reasonable investigation in making such determination."

4      12.    Additionally under the terms of the Brokerage Agreement Reliance
5  agreed to indemnify Downey and hold it harmless from and against any loss, cost,
6  claim, assertion, action or damage (including reasonable and necessary attorney fees
7  and related costs) arising out of or related to Reliance's acts or omissions under the
8  Brokerage Agreement.

9                  *C. Giargia as Reliance's Alter Ego*

10     13.    Plaintiff is informed and believes, and thereon alleges, that there exists,
11 and at all times herein mentioned there existed, a unity of interest and ownership
12 between Giargia, on the one hand, and Reliance, on the other hand, such that any
13 individuality and separateness between Giargia and Reliance ceased, and Giargia is
14 the alter ego of Reliance, and vice-versa.

15     14.    Plaintiff is informed and believes and thereon alleges that at all relevant
16 times alleged herein Giargia were the sole shareholder of Reliance and Giargia owned,
17 operated, influenced, governed, and controlled all of the business activities of
18 Reliance.  Plaintiff is informed and believes and thereon alleges that at all relevant
19 times alleged herein Giargia exercised complete dominance and control over Reliance
20 by: (a) having complete charge of the daily operations of Reliance, from managing
21 and training employees to reviewing client files to deciding how to expense Reliance's
22 income, including the salary Giargia paid himself; (b) possessing all the voting power
23 for all shares of stock; (c) approving and making loans to herself from funds in
24 Reliance's bank account; (d) leasing and/or purchasing vehicles for Giargia's personal
25 use for which Reliance paid; (e) acting as the broker or officer of record of Reliance
26 and executing contracts as the qualifying and responsible broker of Reliance; and (f)
27 making all final decisions with respect to the contracts entered into by Reliance,
28 litigation against Reliance and any loans made by Reliance to other entities or

-3-

1  individuals. In so making these decisions on behalf of Reliance, Plaintiff is informed
2  and believes that Giargia depleted Reliance's income and working capital leaving it
3  unable to meet its reasonable business debts and obligations. Instead, Giargia did not
4  adequately capitalize Reliance and, thereafter, Giargia depleted Reliance's revenues
5  by paying herself a salary and/or management fee that was inappropriate for the
6  business income Reliance was generating at the time.

7      15.    Plaintiff is informed and believes and thereon alleges that at all relevant
8  times alleged herein Giargia also used the assets of Reliance for her personal use and
9  commingled her personal assets with Reliance's assets by: (a) taking corporate funds
10 for loans to Giargia for her personal use; (b) using corporate assets to pay off the
11 personal debts of Giargia; (c) leasing and/or purchasing vehicles for Giargia's
12 personal use; and (d) using funds from Reliance's business account to pay Giargia's
13 household expenses.

14     16.    Plaintiff is informed and believes and thereon alleges that at all relevant
15 times alleged herein, Reliance failed to observe corporate formalities, including but
16 not limited to, failing to maintain corporate minutes and resolutions, and failing to
17 hold and document shareholder and board of director meetings.

18     17.    Plaintiff is informed and believes and thereon alleges that at all relevant
19 times alleged herein Reliance was so inadequately capitalized that compared with the
20 business done by Reliance and the risk of loss associated with that business, its
21 capitalization was illusory. Plaintiff is informed and believes and thereon alleges that
22 at all relevant times alleged herein Reliance's expenses either equaled or exceeded its
23 cash flow, and thus, Reliance was organized and carried on business without
24 substantial capital in such a way that Reliance was likely to have insufficient assets
25 available to meet its debts.

26     18.    Plaintiff is informed and believes and thereon alleges that at all relevant
27 times alleged herein, Reliance was conceived, intended and used by Giargia to try and
28 avoid incurring individual liability for the fraud and deceit that is hereafter alleged.

-4-

1 Plaintiff is informed and believes, as hereafter alleged, that Giargia and Reliance, with
2 the aid and support of their co-defendant sub-agents, officers and employees, caused
3 to be submitted to Downey two (2) loan applications between May 2006 and June
4 2006; and, that in submitting the loan applications to Downey said defendants either
5 knowingly or recklessly altered and/or inflated the borrowers' stated incomes and
6 assets; and/or understated the borrowers' debts; and/or misrepresented the borrowers'
7 occupancy of the collateral property as their primary residence.  Plaintiff is further
8 informed and believes and thereon alleges that Giargia and Reliance, with the aid and
9 support of their co-defendant sub-agents, officers and employees, caused the
10 borrowers' financial statements to be altered or mis-stated in the loan applications that
11 they submitted or caused to be submitted to Downey so that Downey would believe
12 the financial statements were true and accurate; knowing at the time, that if the
13 borrowers' true income, debts and/or residency were disclosed that the borrowers
14 would not  qualify for Downey's loans.

15      19.     Adherence to the fiction of the separate existence of Reliance as an entity
16 distinct from Giargia would permit an abuse of the corporate privilege and would
17 sanction Giargia's fraud and promote injustice.  Giargia's fraudulent conduct in
18 abusing Reliance as a corporate entity makes it inequitable for Giargia to hide behind
19 the corporate form in an attempt to shield herself from liability on Plaintiff's claims
20 alleged herein.

21                        ***D. Laron as Loan Officer***

22      20.     Plaintiff is informed and believes and thereon alleges that at all relevant
23 times alleged herein Laron was employed or retained as a sub-agent Loan Officer of
24 Reliance.  As a sub-agent Loan Officer of Reliance and Giargia, Laron was
25 responsible for interfacing with borrowers and collecting from the borrowers accurate
26 information relating to their finances (e.g., income, assets and debts) so that the
27 information placed in each borrower's loan application would be true, accurate and
28 correct as of the date of the loan application.  In performing said responsibilities,

-5-

1  Laron were performing the contractual and statutory duties of her Brokers, Reliance
2  and Giargia, who were obligated to Downey to make complete and accurate
3  disclosures of the borrowers' financial statements in the written loan applications.
4  Further, in performing her duties, Laron had actual knowledge of the contractual,
5  statutory and common law duties owed by Reliance and Giargia which obligated them
6  to make complete and accurate disclosures of the borrowers' financial statements in
7  the written loan applications they submitted to Downey.

8      21.   Plaintiff is informed and believes and thereon alleges that at all relevant
9  times alleged herein, it was the responsibility of Reliance and Giargia as its alter ego,
10  to train and supervise the activities of the sub-agent Loan Officer Laron and thereby
11  make certain that they were performing the Broker's contractual, statutory and
12  common law duties that were owed to Downey, including without limitation,
13  performing a reasonable investigation to confirm that the financial statements in each
14  borrower's loan application were true, correct and accurate as of the date each loan
15  application was submitted to Downey.

16              **III. GENERAL ALLEGATIONS**
17                  ***A. Matthis Loan***

18      22.   Plaintiff is informed and believes and thereon alleges that at all relevant
19  times alleged herein, Defendant ANITA MATTHIS ("Matthis") applied for a
20  refinance loan from Downey for $516,800 ("Matthis Loan") that was secured by a
21  first deed of trust on real property commonly known as 3701 West 59th Place, Los
22  Angeles, California ("Matthis Property").

23      23.   Plaintiff is informed and believes and thereon alleges that on or about
24  May 9, 2006 Reliance, Giargia, and Matthis compiled, processed, prepared and
25  submitted to Downey a written Loan Application wherein said Defendants jointly
26  represented and stated that Matthis earned a certain monthly income, had certain
27  assets and debts, and that Matthis occupied the Matthis Property as her primary
28  residence ("Matthis Loan Application").

1   24.   Reliance, Giargia, and Matthis thereafter jointly or effectively signed,
2   through their agents and employees, the Matthis Loan Application and thereafter
3   submitted it to Downey.  In so doing, Reliance, Giargia, and Matthis jointly certified
4   and represented to Downey in writing that the information contained therein was true,
5   correct, currently valid and genuine.  Further, under the Brokerage Agreement,
6   Reliance and Giargia as its alter ego jointly certified and represented to Downey in
7   writing that they had undertaken a reasonable investigation by which they had
8   determined that the financial statements contained in the Matthis Loan Application
9   were true, correct, currently valid and genuine. Downey reasonably relied on the
10  financial statements contained in the Matthis Loan Application in making its
11  determination to approve and fund the Matthis Loan.

12   25.   Based upon the income, debt and residency information submitted to
13  Downey by Reliance, Giargia, Mauricio and Donovan, Downey reasonably believed
14  that Donovan had the ability to repay the Donovan Loan according to its terms and
15  conditions.

16   26.   On or about May 24, 2006, pursuant to the written loan application
17  submitted to it by Reliance, Giargia, and Matthis, Downey funded the Matthis Loan
18  and secured it with a first lien trust deed against the Matthis Property.  As a result of
19  said funding, Matthis received cashout on the Matthis Loan in the amount of $73,523.

20   27.   On or about May 19, 2006, just prior to Downey's loan to Matthis
21  funding, Matthis received and executed loan documents that would secure a new
22  home equity line of credit ("HELOC") against the Matthis Property in the amount of
23  $129,200.

24   28.   On or about September 1, 2007, Matthis defaulted on the payments that
25  were then due on the Matthis Loan.

26   29.   Plaintiff is informed and believes and thereon alleges that after the
27  Matthis Loan defaulted Downey first discovered that the Matthis Loan Application
28  had grossly overstated Matthis's self-employment income and understated her debts as

-7-
COMPLAINT FOR DAMAGES

1 | it did not disclose the HELOC that Matthis was applying for simultaneously.

2 |      30.    Plaintiff is informed and believes and thereon alleges that *either* (a)
3 | Matthis provided Reliance and Giargia with her accurate financial information for the
4 | Matthis Loan Application and yet Reliance and Giargia instead chose to grossly
5 | overstate Matthis's income and understate her debts without her knowledge or
6 | consent; *or* (b) Reliance, Giargia, and Matthis deliberately overstated Matthis's
7 | income and understated her debts in order to qualify her for the refinance loan from
8 | Downey that Matthis would not otherwise have qualified for if true and accurate
9 | information had been disclosed.

10 |      31.    Plaintiff is informed and believes and thereon alleges, that Reliance and
11 | Giargia were highly motivated to obtain Downey's approval on the Matthis Loan
12 | Application because they were paid a broker rebate of $10,336 and points of $5,168 in
13 | the loan transaction.

14 |      32.    Downey reasonably relied upon the information in the Matthis Loan
15 | Application. Downey had no reason to verify the information in the Matthis Loan
16 | Application until after default had occurred because Reliance and Giargia as its alter
17 | ego had expressly agreed in the Brokerage Agreement that a reasonable investigation
18 | had been conducted by which they determined that the financial statements contained
19 | in the Matthis Loan Application were true, correct, currently valid and genuine.
20 | Further, Reliance and Giargia knew Downey would rely upon the accuracy of the
21 | Matthis Loan Application as being true, correct, currently valid and genuine in its
22 | determination of whether to approve and fund the Matthis Loan. Additionally,
23 | Downey did not suffer any damages with respect to the Matthis Loan until after the
24 | Matthis Loan had defaulted.

25 |      33.    Plaintiff is informed and believes, and thereon alleges, that on or about
26 | April 9, 2008 Downey foreclosed by trustee's sale on the trust deed that secured the
27 | Matthis Loan. At said foreclosure sale, Downey made a credit bid of a portion of the
28 | balance that was then due and owed on the Matthis Loan and thereupon the Matthis

1  Property reverted to Downey, resulting in a loss to Downey of $215,624 or, according
2  to proof at trial.

3  ### *B. Ashdjian Loan*

4      34.    Plaintiff is informed and believes and thereon alleges that at all relevant
5  times alleged herein, Defendant MADELEINE ASHDJIAN, an individual
6  ("Ashdjian") applied for and received a refinance loan from Downey on or about June
7  1, 2006 for $486,000 ("Ashdjian Loan") that was secured by a first trust deed on real
8  property commonly known as 6516 Denny Avenue, North Hollywood, California
9  ("Ashdjian Property"). At the time, Ashdjisn was married to Defendant SARKIS A.
10 ASHDJIAN, an individual ("S. Ashdjian").

11     35.    Plaintiff is informed and believes and thereon alleges that on or about
12 June 1, 2006 Reliance, Giargia, Laron as Loan Officer and Ashdjian compiled,
13 processed, prepared and submitted to Downey a written Loan Application wherein
14 said Defendants jointly represented and stated that Ashdjian earned a certain monthly
15 income, had certain assets and debts, and that Ashdjian occupied the Ashdjian
16 Property as her primary residence ("Ashdjian Loan Application").

17     36.    Reliance, Giargia, Laron and Ashdjian thereafter jointly or effectively
18 signed, through their agents and employees, the Ashdjian Loan Application and
19 thereafter submitted it to Downey. In so doing, Reliance, Giargia, Laron and Ashdjian
20 jointly certified and represented to Downey in writing that the information contained
21 therein was true, correct, currently valid and genuine. Further, under the Brokerage
22 Agreement, Reliance and Giargia as its alter ego jointly certified and represented to
23 Downey in writing that they had undertaken a reasonable investigation by which they
24 had determined that the financial statements contained in the Ashdjian Loan
25 Application were true, correct, currently valid and genuine. Downey reasonably relied
26 on the financial statements contained in the Ashdjian Loan Application in making its
27 determination to approve and fund the Ashdjian Loan.

28     37.    Based upon the income and residency information submitted to Downey

-9-

1 | by Reliance, Giargia, Laron and Ashdjian, Downey reasonably believed that Ashdjian
2 | had the ability to repay the Ashdjian Loan according to its terms and conditions.

3 |     38.    On or about June 6, 2006, pursuant to the written loan application
4 | submitted to it by Reliance, Giargia, Laron and Ashdjian, Downey funded the
5 | Ashdjian Loan and secured it with a first lien trust deed against the Ashdjian Property.

6 |     39.    In or about June 1, 2007, Ashdjian defaulted on the payments that were
7 | then due on the Ashdjian Loan.

8 |     40.    Plaintiff is informed and believes and thereon alleges that after the
9 | Ashdjian Loan defaulted, Downey first discovered that the Ashdjian Loan Application
10 | had overstated Ashdjian's income and misrepresented her occupancy of the Ashdjian
11 | Property as her primary residence. In actuality, Ashdjian was not on title until just
12 | before she submitted the loan application and she continued to reside in another
13 | property in Glendale with S. Ashdjian, as her primary residence. After the Ashdjian
14 | Loan funded, another individual made the payments on the loan.

15 |     41.    After the Ashdjian Loan defaulted, Downey discovered that Ashdjian had
16 | overstated her income and, further, Downey discovered that Ashdjian was actually
17 | living with her husband, S. Ashdjian, in another home in Glendale on which she held
18 | title and was obligated on a $500,000 loan to Argent Mortgage Company, and that she
19 | was secretly qualifying for the loan on behalf of a third party.

20 |     42.    Plaintiff is informed and believes and thereon alleges that *either* (a)
21 | Ashdjian provided Reliance, Giargia and Laron with her accurate financial
22 | information and intention not to live in the Ashdjian Property when completing the
23 | Ashdjian Loan Application and yet Reliance, Giargia and Laron instead chose to
24 | misrepresent Ashdjian's income, debts and residency without her knowledge or
25 | consent; *or* (b) Reliance, Giargia, Laron and Ashdjian deliberately overstated
26 | Ashdjian's income, understated her debts and misrepresented her residency in order to
27 | qualify her for the refinance loan from Downey that Ashdjian would not otherwise
28 | have qualified for if true and accurate information had been disclosed.

-10-

43. Downey reasonably relied upon the information in the Ashdjian Loan Application. Downey had no reason to verify the information in the Ashdjian Loan Application until after default had occurred because Reliance and Giargia as its alter ego and Laron as the Brokers' sub-agent had expressly agreed in the Brokerage Agreements that a reasonable investigation had been conducted by which they determined that the financial statements contained in the Ashdjian Loan Application were true, correct, currently valid and genuine. Further, Reliance, Giargia and Laron knew Downey would rely upon the Ashdjian Loan Application as being true, correct, currently valid and genuine in making its determination of whether to approve and fund the Ashdjian Loan. Additionally, Downey did not suffer any damages with respect to the Ashdjian Loan until after the Ashdjian Loan had defaulted.

44. Plaintiff is informed and believes, and thereon alleges, that on or about January 11, 2008 Downey foreclosed by trustee's sale on the trust deed that secured the Ashdjian Loan. At said foreclosure sale, Downey made a credit bid of a portion of the balance that was then due and owed on the Ashdjian Loan and thereupon the Ashdjian Property reverted to Downey, resulting in a loss to Downey of $135,032 or, according to proof at trial.

## IV. COUNT ONE

## BREACH OF CONTRACT

## (Against Reliance and Giargia)

45. Plaintiff incorporates by this reference paragraphs 1 through 44 above as though fully set forth hereat.

46. Pursuant to the Brokerage Agreement, Reliance and Giargia as its qualifying broker and alter ego, agreed to submit to Downey at their sole cost and expense, loan applications on which said defendants and their sub-agents had undertaken a reasonable investigation and had determined the information contained therein was true, correct, currently valid and genuine.

47. Pursuant to the Brokerage Agreement, Reliance and Giargia as its

-11-

1 qualifying broker and alter ego implicitly warranted and represented that all of their
2 broker activities would comply with applicable laws and regulations by which said
3 brokers were licensed and conducted business; and, in furtherance of those
4 representations, Reliance and Giargia expressly agreed to indemnify Downey and hold
5 Downey harmless from any loss, cost, claim, action or damage, including reasonable
6 and necessary attorney fees and related costs, that arose out of or were related to acts
7 or omissions of Reliance, Giargia and their sub-agents under the Brokerage
8 Agreements.

9      48.   Plaintiff is informed and believes and thereon alleges that Giargia, by
10 virtue of her DRE broker licensed status, her status as the alter ego of Reliance, and
11 because of her employment, independent contractor and/or agency relationship with
12 Reliance, that Giargia was bound to perform and did assume performance of each of
13 the terms and conditions of the Brokerage Agreements.

14      49   Plaintiff is informed and believes and thereon alleges that at all relevant
15 times alleged herein Downey fully performed all of its duties under the Brokerage
16 Agreement.

17      50.   Plaintiff is informed and believes and thereon alleges that at all relevant
18 times alleged herein Reliance and Giargia each breached the duties owed and/or
19 assumed by them under the Brokerage Agreement by, *inter alia*, (i) failing to conduct
20 a reasonable investigation into the financial information set forth in the two (2) loan
21 applications described above such that the information therein submitted to Downey
22 was not true, correct, currently valid and genuine; and (ii) failing to disclose
23 accurately and fully all material financial information relative to the two (2) loan
24 applications described above such that the information submitted to Downey by said
25 Defendants was not true, correct, currently valid and genuine.

26      51.   As a direct and proximate result of the breach of the Brokerage
27 Agreement by Reliance and Giargia, Plaintiff as Downey's Receiver has been
28 damaged in the combined total amount of $350,656 or, according to proof at trial,

1 | together with prejudgment interest on Plaintiff's liquidated damages at the maximum
2 | rate allowed by law.

3 |     52.    As a further direct and proximate result of the Defendants' breach of the
4 | Brokerage Agreement, and pursuant to the provisions thereof, Plaintiff has and will
5 | continue to incur reasonable and necessary attorney's fees and related costs in
6 | connection with this action, as additional damages caused by the breach of the
7 | Brokerage Agreement by Reliance and Giargia, in an amount not yet known, but
8 | which will be proven by Plaintiff at time of trial.

9 | **V. COUNT TWO**

10 | **PROFESSIONAL NEGLIGENCE**

11 | **(Against Reliance, Giargia, and Laron)**

12 |     53.    Plaintiff incorporates by reference paragraphs 1 through 44 above as
13 | though fully set forth hereat.

14 |     54.    Plaintiff is informed and believes and thereon alleges that at all relevant
15 | times alleged herein Reliance, Giargia, and Laron each owed a professional duty of
16 | care to use the same degree of reasonable care, skill and diligence in preparing and
17 | submitting loan applications to Downey as other similarly situated, licensed
18 | individuals in the mortgage brokering industry.

19 |     55.    At all relevant times alleged herein, Reliance, Giargia, and Laron were
20 | each also bound by the standards of care set forth by statutes and regulations and
21 | imposed upon them as licensees of the California DRE.

22 |     56.    Plaintiff is informed and believes and thereon alleges that at all relevant
23 | times alleged herein Reliance, Giargia, and Laron each breached their respective
24 | professional licensee duties, including their statutory duties, by submitting to Downey
25 | false, inaccurate, incomplete and/or misleading information in the two (2) loan
26 | applications herein alleged, such that the borrowers' incomes, assets, debts and/or
27 | occupancy of the collateral property as their primary residence was inaccurate, false,
28 | incomplete or materially misleading.

-13-

57.   Plaintiff is informed and believes and thereon alleges that at all relevant times alleged herein Downey reasonably relied on the accuracy and completeness of the two (2) loan applications herein alleged that Reliance, Giargia, and Laron prepared, processed, compiled and submitted to Downey and, consequently, Downey approved and funded the two (2)  loans as herein alleged.

58.   Plaintiff is further informed and believes and thereon alleges that at all relevant times alleged herein Reliance and Giargia negligently failed to properly train and supervise the activities of their sub-agent, Laron, as she performed services related to the preparation and submittal of the Ashdjian loan application to Downey, as herein alleged.  Consequently, Plaintiff is informed and believes and on thereon alleges that at all relevant times alleged herein Reliance and Giargia are vicariously liable for each of the acts and omissions committed by Laron as the licensed salespersons who worked for and under the direct supervision of Reliance and Giargia, the licensed real estate brokers that were permitted by law and contract to submit real estate secured loan applications to Downey.

59.   Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of the negligent acts and omissions of Reliance, Giargia, and Laron, and each of them, Plaintiff as Downey's Receiver is entitled to recover damages from said defendants, as follows:  from Reliance and Giargia, the combined sum of $350,656; and, from Laron, the sum of $135,032 or, all according to proof at trial, together with prejudgment interest on Plaintiff's liquidated damages at the maximum rate allowed by law.

## VI.  COUNT THREE

### NEGLIGENT MISREPRESENTATION

#### (Against Reliance, Giargia, and Laron)

60.   Plaintiff incorporates by this reference paragraphs 1 through 44 above as though set forth in full hereat.

61.   In committing the acts and omissions hereafter complained of in Counts

-14-

COMPLAINT FOR DAMAGES

1  Three and Four, Reliance, Giargia, and Laron, and each of them, performed the
2  following roles in compiling, preparing and presenting the two (2) loan applications
3  alleged herein to Downey:

4      (a) Giargia was the primary or majority shareholder, officer,
5  branch manager and responsible licensed officer who was required by the DRE to
6  operate, manage and supervise the day-to-day business operations of Reliance.

7      (b) Giargia was an officer and the qualifying broker of Reliance
8  through her broker's license by which Reliance became qualified to hold its own
9  broker's license with the California DRE.

10      (c) Laron was a licensed salesperson working under Reliance's
11  broker's license.

12      (d) As Reliance's qualifying broker, it was Giargia's responsibility
13  in 2006 to oversee, direct and supervise the entire mortgage brokering business
14  activities of Reliance, including the activities of Laron, Reliance's employee and sub-
15  agent. In particular, Giargia was responsible for overseeing, directing and supervising
16  the licensed salespersons who worked as "Loan Officers" at Reliance in order to
17  insure that the loan applications they submitted to Downey were consistent with the
18  warranties and representations set forth in the Brokerage Agreement Reliance and
19  Giargia had with Downey and with applicable law; specifically, the requirement that
20  Reliance's employee and sub-agent collect accurate financial information from
21  mortgage loan applicants and put that financial information accurately into the loan
22  applications being submitted to Downey.

23      (e) Plaintiff is informed and believes and thereon alleges that
24  Laron as a licensed salesperson and Loan Officer working for and under Reliance and
25  Giargia as the licensed brokers, was responsible for interviewing loan applicants, as
26  hereinabove alleged, for the purpose of obtaining accurate financial information that
27  was required to complete their loan applications. Moreover, Laron was the last
28  employee and sub-agent of Reliance and Giargia who saw the completed Ashdjian

-15-

Loan Application and who signed off on behalf of Reliance before the application was sent to Downey and, Laron was the employee and sub-agent of Reliance and Giargia who caused the Ashdjian Loan Application hereinabove alleged to be processed and submitted to Downey. Similarly, Giargia acted as the Loan Officer on the Matthis Loan Application and she was the last employee and sub-agent of Reliance to see the completed Matthis Loan Application and who signed off on behalf of Reliance before the application was processed and submitted to Downey.

(f)     Plaintiff is informed and believes and thereon alleges that Reliance and Giargia either expressly or impliedly approved, ratified, guided, instructed, trained, supervised, instructed and/or authorized Laron to *either* (i) to ignore the true facts that had been provided by Ashdjian; *or*, (ii) not to conduct any reasonable investigation into the accuracy of the financial information that was provided by Ashdjian, as alleged herein.

(g)  Plaintiff is informed and believes and thereon alleges that in preparing and submitting the loan applications of the two (2) borrowers alleged herein to Downey, that Reliance, Giargia, and Laron each knew, or should have known, that they were breaching the express warranties and representations contained in the Brokerage Agreement and were breaching their duties as professional licensees of the California DRE, because they *either* (i) knew the financial statements in the loan applications were false *or*, (ii) said defendants had no reasonable basis for believing the financial statements were true and correct, as they had warranted and represented to Downey.

62.     Plaintiff is informed and believes and thereon alleges that at all relevant times alleged herein Reliance, Giargia, and Laron each owed Downey a statutory and contractual duty of care in gathering, preparing and submitting to Downey the financial information that was stated in the two (2) loan applications herein alleged. Further, at all times alleged herein, said licensed professional defendants undertook an affirmative duty to insure the accuracy of the information submitted to Downey and,

-16-

1  in connection with those two (2) loan applications, said defendants warranted,
2  represented and certified that the financial statements in the loan applications were
3  true and correct.

4      63.    Plaintiff is informed and believes and thereon alleges that at all relevant
5  times alleged herein the information and other representations contained in the two (2)
6  loan applications herein alleged contained materially false, incorrect and misleading
7  financial information concerning the borrowers' incomes, assets, debts and/or
8  intention to occupy the collateral properties as their primary residences; and,
9  therefore, the loan applications were materially false, incorrect and misleading.

10      64.    Plaintiff is informed and believes and thereon alleges that at all relevant
11  times alleged herein Reliance, Giargia, and Laron made the representations to
12  Downey that are set forth in the two (2) loan applications they processed and
13  submitted to Downey without having reasonable grounds for believing those
14  representations to be true at the time.

15      65.    Plaintiff is further informed and believes and thereon alleges that at all
16  relevant times alleged herein Reliance, Giargia, and Laron each knew contain facts
17  relative to the financial condition of the borrowers with whom each was working in
18  connection with the two (2) loan applications herein alleged; but, said defendants
19  actively concealed or failed to disclose to Downey those facts and, the Defendants
20  knew the suppressed facts were not known by Downey at the time. Further, Reliance,
21  Giargia, and Laron each had a duty to disclose those suppressed facts to Downey
22  because, without them, said defendants knew that Downey would be misled into
23  believing that the two (2) borrowers were capable of repaying the loans that Downey
24  ultimately made to each of them.

25      66.    Plaintiff is informed and believes and thereon alleges that at all relevant
26  times alleged herein Downey reasonably relied on the accuracy and completeness of
27  the financial information set forth in the two (2) loan applications that the defendants
28  prepared and submitted to Downey. Downey's reliance on the accuracy and

-17-

completeness of the financial information was reasonable because of the statutory, contractual and common law duties that were owed to it by Reliance, Giargia, and Laron and, because of the civil and criminal penalties that could accrue against said defendants if the information contained in the Loan Applications was materially false, incomplete or inaccurate.  Further, Reliance, Giargia, and Laron each knew and intended for Downey to rely on the accuracy of the financial information set forth in the loan application(s) that each was responsible for processing and submitting to Downey and said defendants knew that Downey would so rely.

67.     Plaintiff is informed and believes and on thereon alleges that at all relevant times alleged herein Reliance and Giargia are jointly vicariously liable for each of the acts and omissions committed by their sub-agent and employee Laron, whom Reliance and Giargia hired, trained and supervised at the time the Ashdjian Loan Application was submitted to Downey.

68.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of the negligent misrepresentations and the negligent suppression of materials facts from Downey by Reliance, Giargia, and Laron, that Plaintiff as Downey's Receiver has been damaged by Reliance and Giargia in the combined sum of $350,656; and from Laron, in the sum of $135,032 or, all according to proof at trial, together with prejudgment interest on Plaintiff's liquidated damages at the maximum rate allowed by law.

## VII.  COUNT FOUR

### FRAUD

### (Against Reliance, Giargia, Duenas and Laron)

69.     Plaintiff incorporates by this reference paragraphs 1 through 44 and paragraphs 61 through 68 above as though fully set forth hereat.

70.     Plaintiff is informed and believes and thereon alleges that at all relevant times alleged herein Reliance, Giargia, Duenas and Laron together conspired to obtain the two (2) loans herein alleged from Downey by knowingly making and processing

-18-

1 || materially false statements concerning the borrowers' respective incomes, assets,
2 || debts and/or occupancy of the properties that secured repayment of the loans.

3 ||     71.   Plaintiff is informed and believes and thereon alleges that at all relevant
4 || times alleged herein Reliance, Giargia, Duenas and Laron made to Downey the
5 || material misrepresentations contained in the two (2) loan applications alleged above
6 || knowing that the facts therein stated were false.

7 ||     72.   Plaintiff is informed and believes and thereon alleges that at all relevant
8 || times alleged herein Reliance, Giargia, Duenas and Laron either (a) intended to
9 || deceive Downey into relying on the accuracy of the financial information stated in the
10 || two (2) loan applications and inducing Downey to make the loans to the borrowers for
11 || said defendants' profit and gain; *or* (b) breached their professional duties that each
12 || owed to Downey in order to gain an advantage over Downey by misleading it, to its
13 || prejudice, into making the two (2) loans to the borrowers.

14 ||     73.   Plaintiff is informed and believes and thereon alleges that at all relevant
15 || times alleged herein Downey reasonably relied on the accuracy and completeness of
16 || the facts stated in the two (2) loan applications alleged above and that reliance led to
17 || Downey approving and funding the loans to said borrowers, to Downey's resulting
18 || damage, as herein alleged.

19 ||     74.   Plaintiff is informed and believes and thereon alleges that Reliance,
20 || Giargia, Duenas and Laron each played prominent roles in a joint conspiracy to obtain
21 || the two (2) loans from Downey by mis-stating the incomes,  assets, debts and
22 || occupancies of the borrowers, as hereinabove alleged.  That conspiracy involved
23 || Giargia and Laron *either* (i) obtaining accurate financial information from the
24 || borrowers and then deliberately ignoring that true financial information; *or* (ii)
25 || deliberately failing to conduct a reasonable investigation into the accuracy of the
26 || financial information that was provided by the borrowers.  Instead, pursuant to the
27 || conspiracy of Reliance, Giargia, Duenas and Laron, false and inaccurate financial
28 || statements were placed into the two (2) loan applications that were then processed and

-19-

1 submitted to Downey.

2      75.    Plaintiff is informed and believes and thereon alleges that Reliance,
3 Giargia, Duenas and Laron each guided the operation of their conspiracy that caused
4 false and misleading financial statements to be placed into the two (2) loan
5 applications that were processed and submitted to Downey. Plaintiff is informed and
6 believes and thereon alleges said defendants furthered the fraudulent scheme they
7 orchestrated to obtain the loans from Downey by: (i) completing, processing,
8 executing and submitting the two (2) loan applications; (ii) completing the two (2)
9 loan applications of the borrowers with deliberately inaccurate information without
10 giving the borrowers a reasonable opportunity to review the contents of their Loan
11 Applications prior to signing them; (iii) signing or authorizing the signing of the Loan
12 Applications and then submitting them to Downey pursuant to Reliance's written
13 warranty and representation that the financial statements contained therein were true
14 and correct and that the defendants had undertaken a reasonable investigation in
15 making that determination; and (iv) Reliance, Giargia, Duenas and Laron each acted
16 as the agents of one another in carrying out their fraudulent conspiracy against
17 Downey.

18      76.    Plaintiff is informed and believes and thereon alleges that as a direct and
19 proximate result of the fraudulent acts and omissions of Reliance, Giargia, Duenas and
20 Laron, and each of them, Plaintiff as Downey's Receiver has been damaged by
21 Reliance, Giargia and Duenas in the combined sum of $350,656; and from Laron, in
22 the sum of $135,032 or, all according to proof at trial, together with prejudgment
23 interest on Plaintiff's liquidated damages at the maximum rate allowed by law.

24      77.    Plaintiff is informed and believes and thereon alleges that at all relevant
25 times alleged herein the acts and conduct of Reliance, Giargia, Duenas and Laron, and
26 each of them, were done with a conscious disregard of Downey's rights and with a
27 specific intent to defraud and injure Downey, such as to constitute fraud, oppression,
28 and malice. By virtue of said defendants' willful and wrongful conduct, Plaintiff as

-20-

1  damages in an amount according to proof at trial.

## VIII. COUNT FIVE

## BREACH OF CONTRACTS

### (Against Borrowers Matthis and Ashdjian)

78.    Plaintiff incorporates by this reference paragraphs 1 through 44 above as though fully set forth herein.

79.    At all times herein alleged, Matthis and Ashdjian (jointly, "Borrowers" or, singly "Borrower") each entered into a written Loan Application contract that was substantially performed by Downey in the County Orange, State of California.

80.    Each of the Borrowers executed and entered into a written loan application contract with Downey by which each Borrower promised, represented and agreed that the financial statements set forth therein were true and correct as of the date each Borrower signed their Loan Application. Specifically, each Loan Application contained a section "IX. Acknowledgement and Agreement" under which it provided, in pertinent part, as follows:

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of title 18, United States Code, Sec. 1001, et seq.;

81.    Plaintiff is informed and believes and thereon alleges that at all relevant times alleged herein Downey fully performed all of its duties to the Borrowers under

-21-

1  the Loan Application contracts by approving and funding loans to the Borrowers as
2  hereinabove alleged.

3      82.    Plaintiff is informed and believes and thereon alleges that the Borrowers
4  breached their contractual duties that each owed Downey under their respective Loan
5  Application contracts by the Borrowers making untrue and incorrect financial
6  statements therein.   Downey did not discover the Borrowers' breach of their
7  respective Loan Application contract until after Downey had funded its loans to the
8  Borrowers and after the Borrowers had defaulted on their loans.

9      83.    As a direct and proximate result of the Borrowers' breach of their
10  respective Loan Application contracts with Downey, Plaintiff as Downey's Receiver
11  has been damaged in the amount of $215,624 on the Matthis Loan; and $135,032 on
12  the Ashdjian Loan or, in an amount to be proven at trial, together with prejudgment
13  interest on Plaintiff's liquidated damages at the maximum rate allowed by law.

14                          **IX.  COUNT SIX**
15                              **FRAUD**
16          **(Against Borrowers Matthis, Ashdjian and S. Ashdjian)**

17      84.    Plaintiff incorporates by this reference paragraphs 1 through 44 as fully
18  set forth hereat.

19      85.    Plaintiff is informed and believes and thereon alleges that at all relevant
20  times alleged herein Borrowers Matthis and Ashdjian each knowingly made materially
21  false statements concerning their respective incomes, assets, debts and/or occupancy
22  of the subject properties in their separate written loan applications to Downey.

23      86.    Plaintiff is informed and believes and thereon alleges that at all relevant
24  times alleged herein Defendant S. Ashdjian was married to Ashdjian and he at all
25  times knew of his wife's intention to obtain the Ashdjian Loan from Downey.  S.
26  Ashdjian cooperated with and assisted his wife, Ashdjian, to obtain the Ashdjian Loan
27  from Downey and allowed Ashdjian to acquire title to the Ashdjian Property as her
28  purported sole and separate property.  In so aiding and abetting Ashdjian's fraud on

-22-

1 Downey, S. Ashdjian facilitated and enabled Ashdjian to complete the fraud and
2 thereby obtain the Ashdjian Loan from Downey.

3    87.   Plaintiff is informed and believes and thereon alleges that at all relevant
4 times alleged herein Matthis and Ashdjian each made to Downey the material
5 misrepresentations contained in their respective loan applications to Downey knowing
6 that the facts therein stated concerning their incomes, assets, debts and/or occupancy
7 of the subject properties were not true and correct.

8    88.   Plaintiff is informed and believes and thereon alleges that at all relevant
9 times alleged herein S. Ashdjian knew of the facts surrounding his wife's fraud on
10 Downey but he did not disclose said facts but, instead, cooperated with Ashdjian and
11 aided and abetted her commission of the fraud against Downey.

12    89.   Plaintiff is informed and believes and thereon alleges that at all relevant
13 times alleged herein Matthis, Ashdjian and S. Ashdjian each *either* (i) intended to
14 deceive Downey into relying on the accuracy of the financial information stated in
15 each borrower's loan application and inducing Downey to make the loan to each
16 borrower, for the borrower's gain and benefit; *or* (ii) breached their contractual and
17 statutory duties that each owed to Downey to be true and accurate in the financial
18 statements each borrower made to Downey in order to gain an advantage over
19 Downey by misleading it, to its prejudice, into making the loans to each borrower.

20    90.   Plaintiff is informed and believes and thereon alleges that at all relevant
21 times alleged herein Downey reasonably relied on the facts stated in the two (2) loan
22 applications and that reliance led to Downey approving and funding a loan to each
23 borrower, to Downey's resulting damage.

24    91.   Plaintiff is informed and believes and thereon alleges that as a direct and
25 proximate result of the separate fraudulent acts and omissions of Matthis, Ashdjian
26 and S. Ashdjian that Plaintiff as Downey's Receiver has been damaged in the
27 following amounts: as against Matthis, the sum of $215,624; and as against Ashdjian
28 and S. Ashdjian, the sum of $135,032 or, in amounts to be proven at trial, together

-23-

1   with prejudgment interest on Plaintiff's liquidated damages at the maximum rate
2   allowed by law.

3       92.    Plaintiff is informed and believes and thereon alleges that at all relevant
4   times alleged herein the acts and conduct of Matthis, Ashdjian and S. Ashdjian and
5   each of them, were done with a conscious disregard of Downey's rights and/or with a
6   specific intent to defraud and injure Downey, such as to constitute fraud, oppression,
7   and malice. By virtue of said defendants' willful and wrongful conduct, Plaintiff as
8   Downey's Receiver is entitled to an additional award of punitive and exemplary
9   damages in an amount according to proof at trial.

10  ## X. PRAYER

11      WHEREFORE, Plaintiff prays for judgment against the Defendants, and each
12  of them, as follows:

13  ### AS TO COUNT ONE

14      1.    For damages against Reliance and Giargia in the amount of $350,656 or
15  according to proof at trial, together with prejudgment interest on said liquidated
16  damages in the maximum rate allowed by law; and

17      2.    For reasonable attorneys' fees against Reliance and Giargia according to
18  proof at trial.

19  ### AS TO COUNTS TWO, THREE AND FOUR

20      3.    For damages against Reliance and Giargia in the combined sum of
21  $350,656, and against Laron in the sum of $135,032 or according to proof at trial,
22  together with prejudgment interest on said liquidated damages at the maximum rate
23  allowed by law.

24  ### AS TO COUNT FOUR AND SIX

25      4.    For punitive and exemplary damages against Reliance, Giargia, Duenas
26  and Laron in amounts to be proven at trial; and

27      5.    For punitive and exemplary damages against Matthis, Ashdjian and AS.
28  Ashdjian, in amounts to be proven at trial.

-24-

## AS TO COUNT SIX

6.     For damages against Matthis in the amount of $215,624 or according to proof at trial, plus prejudgment interest on said liquidated damages in the maximum rate allowed by law; and

7.     For damages against Ashdjian in the amount of $135,032 or according to proof at trial, plus prejudgment interest on said liquidated damages in the maximum rate allowed by law.

## AS TO ALL CAUSES OF ACTION

8.     For costs of suit incurred and to be incurred; and

9.     For such other relief as the Court deems just and proper.

DATED: June 14, 2011                    **HERSHORIN & HENRY LLP**

By: _____
           JEAN C. WILCOX
           CLAUDIA MOURAD
           LORI C. HERSHORIN
           Attorneys for Plaintiff,
           FEDERAL DEPOSIT INSURANCE
           CORPORATION, as Receiver for
           Downey Savings & Loan Association,
           F.A.

COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands trial of this matter by jury, pursuant to Federal Rules

3  of Civil Procedure, Rule 38 (b) and Local Rule 38-1.

4

5  DATED:  June 14, 2011                **HERSHORIN & HENRY LLP**

6

7                                      By:_____

8                                          JEAN C. WILCOX
                                           CLAUDIA MOURAD
9                                          LORI C. HERSHORIN
                                           Attorneys for Plaintiff,
10                                         FEDERAL DEPOSIT INSURANCE
                                           CORPORATION, as Receiver for
11                                         Downey Savings & Loan Association,
                                           F.A.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-26-

Name & Address:
Jean C. Wilcox, Esq. (SBN 97963)
HERSHORIN & HENRY, LLP
27422 Portola Parkway, Suite 360
Foothill Ranch, CA 92610
(949) 859-5600

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Downey Savings and Loan Association. F.A. | CASE NUMBER |
| PLAINTIFF(S) v. | $SacV11-900 Jvs(RNBx)$ |
| RELIANCE MORTGAGE. INC., a suspended California corporation (SEE ATTACHED LIST) | Alius SUMMONS |
| DEFENDANT(S). | |

TO:     DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, HERSHORIN & HENRY. LLP_____, whose address is 27422 Portola Parkway, Suite 360, Foothill Ranch, CA 92610_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

**JUN 16 2011**

Dated: _____

By: _____
            Deputy Clerk

ROLLS ROYCE PASCHAL

SEAL

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

SUMMONS- Attachment

Defendants:

RELIANCE MORTGAGE, INC., a suspended California corporation;
CAROLINA GIARGIA, an individual; ANA MARIA DUENAS, an individual;
OLGA LARON, an individual; ANITA MATTHIS, an individual; MADELEINE
ASHDJIAN, an individual; SARKIS A. ASHDJIAN, an individual

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Downey Savings and Loan Association, F A. | SEE ATTACHED LIST |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| HERSHORIN & HENRY, LLP<br>27422 Portola Pkwy , #360, Foothill Ranch, CA 92610<br>(949) 859-5600 | Not Known |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U S Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U S Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** 350,656

**VI. CAUSE OF ACTION** (Cite the U S Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity )
12 USC 1819(a), 12 USC 1819(b)(2)(A) and USC 1345- FDIC is an agency of the United States with power to sue and U.S. District Court has original Jusrisdiction

**VII. NATURE OF SUIT** (Place an X in one box only )

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☑ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U S Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

FOR OFFICE USE ONLY:    Case Number:    **SACV11-900 JVS(RNBx)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Los Angeles |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 6/14/2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969.  (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

CIVIL CASE COVER SHEET- Continuation

<u>Defendants</u>:

RELIANCE MORTGAGE, INC.

GIARGIA, CAROLINA

DUENAS, ANA MARIA

LARON, OLGA

MATTHIS, ANITA

ASHDJIAN, MADELEINE

ASHDJIAN, SARKIS A.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV11- 900 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY